■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. PERRY, Appellant. [633 NYS2d 848] —Peters, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered August 29, 1994, upon a verdict convicting defendant of the crimes of burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree.

On the evening of December 30, 1993, Robert Williams stopped removing his belongings from an apartment he was in the process of moving out from in the Village of Owego, Tioga County, padlocked the door and went to his new home to spend the night. When he returned to the apartment the next morning, he discovered that the apartment had been broken into in his absence. After searching the residence, he ascertained that, *inter alia*, several suitcases, a coffee pot, eggs, sugar, tennis

balls and some tools were missing. Prior to the arrival of the police, Williams' stepdaughter found a wallet on the floor. It belonged to defendant who lived across the street from Williams.

Defendant was thereafter arrested and initially denied all knowledge of the crime. Defendant's wife, however, gave the police permission to search their residence and they discovered a coffee pot, several eggs, some tennis balls and a bag of either flour or sugar that defendant's wife stated did not belong to her or defendant. Defendant was ultimately charged and indicted for burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree. Following a jury trial, defendant was convicted of all charges and this appeal followed.

We affirm. Initially, we reject defendant's contention that the indictment should be dismissed because the police improperly discarded the coffee maker, eggs, tennis balls and flour and/or sugar that had been confiscated from defendant's home because "somehow the eggs got broken and they went all over all the other evidence in the bag, and they stunk so bad that [they had to throw] everything out". Since defense counsel failed to make a request to County Court for the imposition of sanctions against the People for the destruction of this evidence, we conclude that defendant has waived any claim of substantial prejudice (*see, People v McKinley*, 202 AD2d 520, *lv denied* 84 NY2d 829; *People v Merchant*, 171 AD2d 887; *People v Johnson*, 167 AD2d 422, 423). Notably, defendant never requested the production of these items and he and his wife had previously viewed the seized evidence. Under the circumstances, we conclude that the destruction of this evidence does not warrant reversal (*see, People v Johnson, supra*).

As for defendant's claim that County Court abused its discretion and effectively prevented him from testifying on his own behalf by permitting the People to cross-examine defendant, in the event he took the stand, on his 1984 conviction for petit larceny, his 1985 conviction for attempted grand larceny, his 1985 conviction for possession of a forged instrument and his 1987 conviction for possession of stolen property, we are similarly unpersuaded (*see, People v Sandoval*, 34 NY2d 371). Significantly, the court refused to allow the People to question defendant about his two prior burglary convictions. Upon review of all the circumstances present here, we find no abuse of discretion by County Court, especially since defendant's prior convictions bore directly upon his credibility by showing that he placed his own personal interests above those of society

(*see, People v Mahan*, 195 AD2d 881, 883; *People v Foster*, 156 AD2d 252, 252-253, *lv denied* 75 NY2d 868). Contrary to defendant's assertions on appeal, the similarity of a prior conviction to a charged crime does not necessarily mean that inquiry into the nature of that prior conviction is precluded (*see, People v Cuddy*, 210 AD2d 730, 731).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.