■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BELL, Appellant. [671 NYS2d 878] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 10, 1997, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

In November 1995 defendant was indicted on two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). The indictment alleges, *inter alia*, that on October 17, 1995 at approximately 11:00 P.M., defendant and two accomplices did forcibly steal, by use of a firearm, approximately $500 from the Mobil Mart located on the corner of Delaware Avenue and Second Avenue in the City of Albany. Prior to a jury trial, County Court conducted a *Sandoval* hearing after which it concluded that if defendant chose to testify on his own behalf, the People could present evidence of defendant's convictions of burglary in the second degree in 1988, attempted burglary in the third degree in 1991, criminal possession of stolen property

in 1994 and, further, would allow the People to inquire as to defendant's absconding while on temporary release from the Department of Correctional Services. Following trial, wherein the People presented testimony from the two accomplices, two store clerks who were on duty at the time of the robbery and one eyewitness, all of whom identified defendant and placed him at the scene of the robbery, defendant was found guilty as charged in the indictment. County Court sentenced defendant, as a persistent felony offender, to a prison term of 25 years to life. Defendant appeals.

We affirm. Initially, we reject defendant's contention that he was unduly prejudiced by County Court's *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371). It is well settled that allowing inquiry of convictions of crimes similar to the one charged is not automatically precluded (*see, People v Pavao*, 59 NY2d 282; *People v Perry*, 221 AD2d 736, *lv denied* 87 NY2d 1023). The crux of our review is whether County Court properly balanced the *Sandoval* factors in making its determination (*see, People v Walker*, 83 NY2d 455). Here, County Court recognized that the evidence of defendant's felony convictions "reflect[s] upon [defendant's] credibility as it reflects upon his placing his interest in front of society". The court also noted that the purpose of the evidence of absconding was "to show that [defendant] is putting his interests above society in that he made a contract that he would go on furlough and he got his furlough and he didn't come back". In our view, County Court properly weighed the *Sandoval* factors and did not abuse its discretion.

Next, we conclude that County Court did not err by questioning one of the accomplices in camera and denying defendant an opportunity, at that time, to question the accomplice. The record reveals that the People called Andre Decker to testify. After admitting that he previously pleaded guilty to the robbery, Decker refused, citing his own safety, to identify defendant as an accomplice. Thereafter, outside the presence of the jury, County Court informed Decker that if he did not testify he might be subject to an order holding him in contempt of court. After a delay of approximately 1½ hours, Decker agreed to testify and County Court granted the People's request that Decker be viewed as a hostile witness. Decker then testified and identified defendant as an accomplice; significantly, defense counsel had a full opportunity to cross-examine Decker.

We also reject defendant's contention, as totally lacking in merit, that the in camera questioning of Decker by County Court was inappropriate in that County Court's persistence in asking Decker to testify amounted to coercion. Notably, the

record reveals no attempt by defense counsel to cross-examine Decker in camera or any objection by defense counsel to the in camera questioning by the prosecutor; therefore, this issue was not preserved for appellate review (*see*, CPL 470.05 [2]; *People v Coleman*, 235 AD2d 928, *lv denied* 89 NY2d 1033). In any event, County Court simply informed Decker that he was subject to a possible contempt charge, provided an opportunity for Decker to confer with an attorney and allowed the prosecutor to make an offer of proof. Clearly, defendant's right to confront Decker was not impinged in any manner and, on cross-examination, defense counsel was able to elicit Decker's self-interest in testifying by asking him about his plea bargain.

The fact that it took over 1½ hours for Decker's attorney to be located and then to confer with Decker was not likely to have created an unfavorable impression against County Court or defendant in the minds of the jurors. Under the circumstances herein, we also conclude that Decker's repeated refusals to give testimony warranted his treatment as a hostile witness (*see*, *People v Marshall*, 220 AD2d 692, *lv denied* 87 NY2d 904; *People v Clark*, 181 AD2d 1028, *lv denied* 80 NY2d 895; *People v Walker*, 125 AD2d 732, *lv denied* 69 NY2d 887).

Next, we also conclude that County Court properly limited the admission into evidence of the security camera videotape to that portion showing the actual robbery. The record reveals that County Court allowed the jury to view only that portion of the videotape showing when defendant and Decker were at the counter, face-to-face with the store clerks. Defendant's contention that defense counsel and the prosecutor had agreed to the admissibility of the entire "robbery incident", which defendant claims covers the period of time from just prior to defendant entering the store until just after defendant departed, is belied by the record. Defense counsel was present at the time the videotape was originally played to the jury; if he wanted the jury to view more than what was shown, he had ample opportunity to introduce more of the videotape at that time and he did not.

We also reject defendant's contention that certain of the prosecutor's statements during summation require a reversal and remittal for a new trial. The record reveals that defense counsel failed to object to two such comments, thereby failing to preserve the issues for appellate review; when defendant objected to another of the prosecutor's statements, County Court sustained the objection. In our view, the error, once acknowledged and corrected, did not prejudice defendant; any errors committed by the prosecutor in summation were not so

egregious as to warrant a new trial (*see, People v Carter*, 227 AD2d 661, *lv denied* 88 NY2d 1067; *People v Parker*, 220 AD2d 815, *lv denied* 87 NY2d 1023).

Finally, we conclude that defendant's sentence was neither harsh nor excessive. Prior to sentencing, the People presented evidence of three prior felony convictions for burglary in the second degree, attempted burglary in the third degree and criminal possession of stolen property, establishing that defendant was a persistent felon. The record does not support defendant's contention that the disparity between defendant's sentence and the plea bargain originally offered was designed as a penalty against defendant for exercising his right to trial (*see, People v Jennings*, 192 AD2d 885, *lv denied* 82 NY2d 720). The disparity between defendant's sentence and those of his codefendants is consistent with the disparity in their respective criminal histories (*cf., People v Harris*, 122 AD2d 458). In our view, County Court did not abuse its broad discretion and there are no extraordinary circumstances which would warrant disturbing the sentence imposed by County Court (*see, People v Valdez-Rodrigues*, 235 AD2d 627, *lv denied* 89 NY2d 1041; *People v Early*, 173 AD2d 884, *lv denied* 79 NY2d 1000).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.