■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS TORRES, Appellant. [735 NYS2d 316] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [4]) in connection with the robbery of two stores in Buffalo. Supreme Court did not abuse its discretion in denying defendant's request to substitute defense counsel with an attorney who spoke Spanish. A certified interpreter translated for defendant and his attorney, and thus defendant failed to demonstrate "good cause for substitution" (*People v Sides,* 75 NY2d 822, 824). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

We agree with defendant that the photo array that was shown to an eyewitness who was unable to identify defendant from the array and was unavailable to testify at trial constitutes *Brady* material, and should have been provided to defendant in response to his pretrial discovery demand rather than on the day before trial. We conclude, however, that there is no "reasonable possibility that the outcome of the trial would have differed had the evidence been produced" sooner (*People v Scott,* 88 NY2d 888, 891). Defendant was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine" the police investigator who showed the array to the eyewitness, and thus we reject his contention that the failure to provide that information sooner denied him a fair trial (*People v Cortijo,* 70 NY2d 868, 870).

Contrary to defendant's further contention, defense counsel's stipulation advising the jury that a witness identified defendant in a photo array shown to her by defense counsel was not an egregious error that denied defendant effective assistance of counsel. Defense counsel reasonably believed that the witness had been shown two photo arrays by police; during cross examination the witness testified that she identified defendant in the first photo array but not in the second photo array. During the course of the witness's testimony, defense counsel realized that the "second" photo array to which the witness referred was the photo array that he had shown the witness, and

therefore the testimony of the witness that she did not identify defendant in that photo array was not true. Defense counsel could not "[k]nowingly use * * * false evidence" (Code of Professional Responsibility DR 7-102 [a] [4] [22 NYCRR 1200.33 (a) (4)]) and thus was required to report the incorrect testimony to the court. Defense counsel's alternative to the stipulation was to testify as a witness, which would have required new counsel for defendant. Thus, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.