■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAKER, Appellant. (Appeal No. 1.) [742 NYS2d 749] —Appeal from a judgment of Livingston County Court (Cicoria, J.), entered February 29, 2000, convicting defendant after a jury trial of felony driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from two judgments of conviction for violations of the Vehicle and Traffic Law, one entered following a jury trial and the other entered upon his plea of guilty. Defendant contends that County Court erred in denying the motion of assigned counsel to be relieved of his assignment. In order to relieve assigned counsel and substitute another, the court must determine whether good cause for the substitution has been shown (*see People v Sides,* 75 NY2d 822, 824; *People v Medina,* 44 NY2d 199, 207-208). Here, the court's determination that the demands on the time of defendant's assigned counsel did not constitute good cause to relieve him was not an abuse of discretion (*see People v Holloman,* 291 AD2d 917; *People v Torres,* 289 AD2d 991).

Defendant further contends that the court erred in limiting the scope of his cross-examination of a prosecution witness. It is well settled that "[t]he scope of cross-examination is within the sound discretion of the trial court" (*People v Snell,* 234 AD2d 986, 986, *lv denied* 89 NY2d 1015; *see People v Rivera,* 256 AD2d 1098, 1099, *lv denied* 93 NY2d 977). Here, the court did not abuse its discretion because the questions at issue were "speculative, and lacked a good faith basis, and the probative value of the matters sought to be elicited was outweighed by the danger that the main issues would be obscured and the jury confused" (*People v Quinones,* 210 AD2d 176, 177).

Defendant failed to preserve for our review his further contentions that the court erred in the manner in which it scheduled the trials; that the lapse of time before the scheduled trial dates was used to coerce defendant to enter a plea in appeal No. 2; that defendant was denied his right to counsel at the grand jury; that the predicate driving while intoxicated (DWI) offense was beyond the 10-year time limit; that the evidence is legally insufficient to support the conviction of aggravated unlicensed operation of a motor vehicle in the third degree; that the breathalyzer was not functioning properly; that defendant was denied access to a law library; that defendant entered the plea because he was confused and/or had been threatened; and that the indictments charging DWI were used as "coercive instrument[s]" (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The remaining contentions of defendant are either waived by his valid waiver of the right to appeal (*see generally People v Seaberg,* 74 NY2d 1, 7-11), are based on matters outside the record, or are lacking in merit. Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.