■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS RIZZO, Appellant. [753 NYS2d 194] —Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 15, 2002, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

When exiting the dining hall at Elmira Correctional Facility in Chemung County, defendant, like all other inmates, was required to walk through a metal detector. Once through, defendant was randomly selected for a "pat down" frisk. At that

point, he pulled a sharpened plastic shank from his pants, threw it on the floor and ran. At his trial on the subsequent indictment, defendant testified that voices in his head warned him that other inmates would attack him and, therefore, the sole purpose of his conduct was to violate prison regulations so he would be placed in the prison's special housing unit where he would be safe. Defendant now appeals his conviction of promoting prison contraband in the first degree.

The only issue raised by defendant is "the possible failure of the defense counsel to raise an affirmative defense that [defendant] suffered from a mental disease or defect when the crime was committed." Defendant's argument is that (1) to violate Penal Law § 205.25, one must "knowingly" possess contraband, (2) the record reveals that he claimed some psychiatric disorders and was taking medication, and (3) although not part of this record, medical evidence might exist which would establish the affirmative defense that he lacked criminal responsibility by reason of mental disease or defect (i.e., he did not knowingly possess the shank), because he lacked substantial capacity to appreciate either "[t]he nature and consequences of such conduct" or "[t]hat such conduct was wrong" (Penal Law § 40.15 [1], [2]).

We disagree. Our review of the record reveals that trial counsel fully considered that defendant was appreciative of both "[t]he nature and consequences of his conduct" and "that it was wrong," and consequently, made "a calculated trial strategy" to fashion a different defense (*People v Copp*, 184 AD2d 859, 861, *lv denied* 80 NY2d 974; *see People v McFadgen*, 274 AD2d 830, 831, *lv denied* 95 NY2d 966; *People v Dupont*, 268 AD2d 612, 614, *lv denied* 95 NY2d 834; *People v Kittle*, 154 AD2d 782, 784, *lv denied* 75 NY2d 814). Moreover, the defense of lack of capacity is completely inconsistent with defendant's trial testimony. Under these circumstances, we find no infringement of defendant's right to the effective assistance of counsel, the record indicating that representation of defendant was adequate, given "the limited tools at [her] disposal to defend the case" (*People v Clark*, 94 AD2d 846, 848; *see People v Henry*, 95 NY2d 563; *People v Baldi*, 54 NY2d 137).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.