■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL R. NICHOLS, JR., Appellant. (Appeal No. 1.) [755 NYS2d 545] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered October 30, 2000, convicting defendant after a jury trial of, inter alia, attempted sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of attempted sexual abuse in the first degree (Penal Law §§ 110.00, former 130.65 [1]), attempted sexual abuse in the second degree (§§ 110.00, former 130.60 [2]), and endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court's *Sandoval* ruling constituted an abuse of discretion. We reject that contention. "The extent to which prior convictions bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion" (*People v Meli*, 142 AD2d 938, 939). Here, the court properly exercised its discretion in permitting the People to question defendant concerning his prior convictions of petit larceny, violation of probation, and auto stripping. "Commission of perjury or other crimes or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, bribery, or acts of deceit, cheating, breach of trust) will usually have a very material relevance, whenever committed" (*People v Sandoval*, 34 NY2d 371, 377; *see also People v Colf*, 286 AD2d 888, 889-890, *lv denied* 97 NY2d 655).

Defendant further contends that the testimony of a police officer that he had dealt with defendant "several times in my career" was so prejudicial as to require a new trial. The court sustained defendant's objection to that testimony and gave a curative instruction, however, and "the absence of any further request for relief [by defendant] compels the conclusion that the alleged error was corrected to the defendant's satisfaction" (*People v Reid*, 140 AD2d 639, 641, *lv denied* 72 NY2d 961). The court also properly permitted friends of the victim to testify that, immediately after the encounter with defendant, she complained to them about what he had done. "[W]itnesses who have heard a victim's prompt complaint may testify to the complaint" (*People v Beaulieu*, 184 AD2d 1061, 1061), and here the testimony was properly "limited to the fact of the complaint and [did] not include details of the incident as related by the victim" (*id.* at 1061-1062).

Also contrary to defendant's contentions, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). The 13-year-old victim testified that, while she was at defendant's house visiting defendant's 13-year-old brother and another friend, defendant took her into his bedroom, where he proceeded to lie on top of her and attempted to unbutton her shorts. The victim testified that she had to fight defendant off. The victim then told defendant's brother and her friend what defendant had done, which was within minutes of the encounter. Defendant offered an alibi defense, which the jury was entitled to disregard. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.