■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO GUERRERO, Appellant. [801 NYS2d 739]—

Judgment, Supreme Court, New York County (Dora L. Irizarry, J.), rendered October 28, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490 [1987]). Issues of identification and credibility were properly presented to the jury and we find no reason to disturb its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). The jury had a rational basis for accepting the People's evidence and rejecting the evidence introduced by defendant (*cf. People v Fratello*, 92 NY2d 565, 574-575 [1998], *cert denied* 526 US 1068 [1999]).

Defendant's Confrontation Clause claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that none of the challenged evidence was "testimonial" under *Crawford v Washington* (541 US 36 [2004]), and we would also find that the evidence was not received for its truth, but for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]; *see also United States v Reyes*, 18 F3d 65, 70-71 [1994]).

The record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Although defendant complains that his trial counsel should have made various objections, we

conclude that such objections would have been unavailing, and that defendant was not prejudiced by their absence.

Defendant's remaining contentions, including those relating to the charge, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Andrias, Friedman and Sweeny, JJ.