■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GENTILE, Appellant. [804 NYS2d 199]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered July 20, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]), defendant contends that County Court erred in denying his request to instruct the jury on the defense of justification (§ 35.15 [1]). We conclude that the court properly denied that request. "The rule is that the jury must be instructed on all claimed defenses which are supported by a *reasonable view* of the evidence—not by any view of the evidence, however artificial or irrational" (*People v Butts*, 72 NY2d 746, 750 [1988]; *see People v Odinga*, 143 AD2d 202, 204 [1988], *lv denied* 73 NY2d 858 [1988]; *see also People v McManus*, 67 NY2d 541, 549 [1986]; *People v Watts*, 57 NY2d 299, 301 [1982]). Viewing the evidence in the light most favorable to defendant (*see People v Reynoso*, 73 NY2d 816, 818 [1988]; *McManus*, 67 NY2d at 549), we conclude that there is no reasonable view of the evidence to support the defense of justification (*see generally Watts*, 57 NY2d at 301).

We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to pursue the defenses of insanity and intoxication. Where, as here, those defenses would be inconsistent with the defense advanced by defense counsel, i.e., that defendant was justified in his actions (*see e.g. People v Baptiste*, 306 AD2d 562, 569-570 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Rizzo*,

301 AD2d 682, 683 [2003], *lv denied* 99 NY2d 631 [2003]), we will not "second-guess whether [the] course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800 [1985]). We conclude that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present— Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.