■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILARIO VAZQUEZ, Appellant. [813 NYS2d 613]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the second degree (§ 220.18 [1]). County Court properly denied defendant's request to instruct the jury that a certain prosecution witness was an accomplice as a matter of law and that his testimony required corroboration (*see People v Hines*, 24 AD3d 964 [2005]). Contrary to defendant's further contention, the court properly permitted the People to question the investigating officer on redirect examination concerning his conversations with narcotics investigators from the Rochester Police Department with respect to defendant. Defense counsel opened the door to that questioning during his cross-examination of the investigating officer (*see People v Mateo*, 2 NY3d 383, 425 [2004], *cert denied* 542 US 946 [2004]; *People v Melendez*, 55 NY2d 445, 451 [1982]). Defense counsel also opened the door on cross-examination to

the questioning of another prosecution witness on redirect examination with respect to the charges and sentences of other participants in the crime (*see Mateo*, 2 NY3d at 425; *Melendez*, 55 NY2d at 451). The court erred, however, in permitting the prosecutor to question the investigating officer on direct examination with respect to the guilty pleas entered by codefendant and other participants in the crime (*see People v Wright*, 41 NY2d 172, 176 [1976]; *People v Colascione*, 22 NY2d 65, 73 [1968]; *People v Martinez*, 164 AD2d 826, 827 [1990], *lv denied* 76 NY2d 1022 [1990]). Nevertheless, we conclude under the circumstances of this case that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that the court erred in permitting the investigating officer to testify concerning the hearsay statements of others involved in the investigation. That testimony was introduced for the "nonhearsay purpose of completing the narrative of events and explaining police actions" (*People v Guerrero*, 22 AD3d 266, 266 [2005], *lv denied* 5 NY3d 882 [2005]), and any "inferential bolstering" that may have occurred is harmless error (*People v Anderson*, 260 AD2d 387, 388 [1999], *lv denied* 93 NY2d 922, 965 [1999]; *see People v Parris*, 247 AD2d 221, 222 [1998], *lv denied* 91 NY2d 944 [1998]). We reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation. The prosecutor's summation constituted a fair response to defense counsel's summation (*see People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). The court satisfied the requirements of CPL 310.30 in responding to the jury's request for further instructions (*see generally People v O'Rama*, 78 NY2d 270, 277-278 [1991]), and defendant failed to preserve for our review any contention regarding the alleged inadequacy of the court's procedure in responding to the jury's request (*see People v Starling*, 85 NY2d 509, 516 [1995]). We reject the contention of defendant that, because the People did not provide a CPL 710.30 notice with respect to a conversation between defendant, codefendant and a prosecution witness, the court erred in allowing the People to introduce in evidence the audiotape of that conversation (*see People v Evans*, 17 AD3d 861, 862 [2005], *lv denied* 5 NY3d 828 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.