■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK COLLINS, Appellant. [815 NYS2d 80]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered February 6, 2003, convicting defendant, after a jury trial, of arson in the second degree (two counts), burglary in the first degree, tampering with physical evidence and conspiracy in the fourth degree (two counts), and sentencing him to an aggregate term of 26²/₃ to 32 years, unanimously affirmed.

Defendant voluntarily absented himself, and thus waived his right to be present at the rendition of the verdict (*see People v Parker*, 57 NY2d 136 [1982]; *People v Epps*, 37 NY2d 343, 346-347 [1975], *cert denied* 423 US 999 [1975]). The court had previously informed defendant of his right to be present throughout the trial, and advised him that the trial would continue in his absence if he refused to come to the courtroom. Furthermore, when defense counsel advised the court that defendant "decline[d]" to come out of the pens, this constituted a deliberate absence, thereby forfeiting the right to be present (*see People v Sanchez*, 65 NY2d 436 [1985]). Under these circumstances, by refusing to attend, defendant waived and/or forfeited his right to be present for whatever proceedings would take place in his absence. Therefore, it was not necessary that defendant be made aware that the deliberating jury had reached a verdict. In any event, the record supports the inference that he was aware of that fact when, after conferring with counsel, he declined to be present.

The court's *Molineux* ruling (*People v Molineux*, 168 NY 264 [1901]) was an appropriate exercise of discretion as the evidence of uncharged crimes was probative of defendant's motive and intent and provided background information explaining the sequence of events and defendant's increasing animosity

towards the victim (*see e.g. People v Mehmeti*, 279 AD2d 420 [2001], *lv denied* 96 NY2d 832 [2001]). Any prejudice was outweighed by the highly probative nature of the uncharged crimes and was alleviated by the court's suitable limiting instructions.

The court properly denied defendant's request to submit the lesser included offense of conspiracy in the fifth degree as there was no reasonable view of the evidence, viewed in the light most favorable to the defense, that he committed the lesser but not the greater crime (*see People v Negron*, 91 NY2d 788 [1998]).

We find no basis to reduce the sentence. Concur—Tom, J.P., Saxe, Nardelli, Gonzalez and Catterson, JJ.