THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE PARRIS, Also Known as ANTOINE LENOIR PARRIS, Appellant. [816 NYS2d 778]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered February 27, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [2]) and assault in the second degree (§ 120.05 [2]) after he shot and injured one victim and then shot and killed a second victim. We reject the contention of defendant that Supreme Court erred in refusing to give a justification charge based on his belief that the murder victim posed a threat to him. Viewing the evidence in the light most favorable to defendant, we conclude that there is no reasonable view of the evidence to support the justification defense on that theory (*see People v Gentile*, 23 AD3d 1075 [2005], *lv denied* 6 NY3d 813 [2006]; *see generally People v McManus*, 67 NY2d 541, 549 [1986]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]). Defendant failed to preserve for our review his further contention with respect to the court's *Sandoval* ruling (*see People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]). In

any event, the court's *Sandoval* ruling, pursuant to which the People were allowed to cross-examine defendant with respect to a prior robbery conviction, does not constitute an abuse of discretion (*see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Freeney*, 291 AD2d 913, 914 [2002], *lv denied* 98 NY2d 637 [2002]). We reject defendant's contention that the sentence is illegal. The evidence established that defendant fired several gunshots at the vehicle driven by the first victim, striking him in the leg, and then fired approximately seven shots at the second victim, who was standing next to defendant. Based on defendant's commission of those separate acts, the court properly imposed consecutive sentences for assault and murder (*see People v Brathwaite*, 63 NY2d 839, 842-843 [1984]; *People v Tam*, 260 AD2d 242 [1999], *lv denied* 93 NY2d 1028 [1999]). We have considered defendant's remaining contention and conclude that it is without merit. Present— Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.