THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE D. REID, Appellant. [825 NYS2d 619]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered August 18, 2003. The judgment convicted defendant, upon a jury verdict, of forgery in the second degree, criminal possession of stolen property in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, forgery in the second degree (Penal Law § 170.10 [1]) and criminal possession of stolen property in the fourth degree (§ 165.45 [2]). Although County Court properly determined that defendant was not in custody when he was first questioned by police, we agree with defendant that the court erred in determining that his right to remain silent was not violated when, after he was given *Miranda* warnings and told the police investigator that he had "nothing to say," he was questioned further. The police investigator questioned defendant about his family and other subjects but returned to questions regarding the alleged crime without again advising defendant of his *Miranda* rights and therefore failed to "scrupulously honor[ ]" defendant's right to remain silent (*Miranda v Arizona*, 384 US 436, 479 [1966]; *see People v Douglas*, 8 AD3d 980 [2004], *lv denied* 3 NY3d 705 [2004]; *People v Brown*, 266 AD2d 838 [1999], *lv denied* 94 NY2d 860 [1999]; *cf. People v Cox*, 21 AD3d 1361, 1363 [2005], *lv denied* 6 NY3d 753 [2005]). We nevertheless conclude that the error in admitting the statement made by defendant to the police investigator is harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Inasmuch as the statement added nothing to the overwhelming evidence against defendant, there is no reasonable possibility that it might have contributed to defendant's conviction (*see Brown*, 266 AD2d at 838-839).

We reject the further contention of defendant that the court abused its discretion in denying his motion for a mistrial when a prosecution witness testified with respect to information that was not the subject of a *Ventimiglia* ruling. The record establishes that "the testimony at issue . . . was volunteered by [the witness] during a proper line of questioning by the prosecutor" and therefore we conclude that "defendant was not deprived of a fair trial by any action on the part of the prosecutor" (*People v Thigpen*, 30 AD3d 1047, 1048 [2006]; *see People v Holton*, 225 AD2d 1021 [1996], *lv denied* 88 NY2d 986 [1996]). We note that defendant declined the court's offer to give a curative instruction with respect to the improper testimony (*cf. Holton*, 225 AD2d at 1021).

With respect to the contention of defendant that the court abused its discretion in permitting the prosecutor to cross-examine him regarding factually similar convictions, we note that "[t]he extent to which prior convictions bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion" (*People v Meli*, 142 AD2d 938, 939 [1988], *lv denied* 72 NY2d 921 [1988]; *see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]; *see generally People v Parris*, 30 AD3d 1108 [2006]). Inasmuch as theft-related crimes are acts "of individual dishonesty" and therefore have "material relevance" (*People v Sandoval*, 34 NY2d 371, 377 [1974]), we conclude that the court did not abuse its discretion in permitting the prosecutor to inquire about the facts underlying defendant's prior convictions of theft-related crimes. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.