■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. BRYANT, Appellant. [900 NYS2d 810]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered February 28, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, attempted robbery in the first degree,

criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, burglary in the first degree (Penal Law § 140.30 [1]), defendant contends that Supreme Court erred in admitting certain evidence at trial because it was obtained directly or indirectly in violation of his physician-patient privilege (see CPLR 4504 [a]). We reject that contention. "[E]ven if there was a violation of the physician-patient privilege, the suppression of the evidence found as a result is not required. The physician-patient privilege is based on statute, not the State or Federal Constitution . . . [and] a violation of a statute does not, without more, justify suppressing the evidence to which that violation leads" (People v Greene, 9 NY3d 277, 280 [2007]; see People v Drayton, 56 AD3d 1278, 1278-1279 [2008], appeal dismissed 13 NY3d 902 [2009]). The further contention of defendant that the court improperly limited his cross-examination of a prosecution witness is also without merit. "It is well settled that '[t]he scope of cross-examination is within the sound discretion of the trial court' " (People v Baker, 294 AD2d 888, 889 [2002], lv denied 98 NY2d 708 [2002]). Here, the record establishes that defendant was given wide latitude in cross-examining the witness in question, and the court limited the cross-examination in merely a single instance that could not have affected the outcome of the trial. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.