THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MAJERE SMIKLE, Appellant. [919 NYS2d 672]—

Memorandum: Defendant appeals from a judgment convicting
him, upon a jury verdict, of burglary in the first degree (Penal
Law § 140.30 [4]), for unlawfully entering an occupied apart-
ment with a handgun in an apparent attempt to steal money or
drugs. Defendant failed to preserve for our review his conten-
tion that Supreme Court failed to comply with CPL 310.30 in
connection with four jury notes and an oral request from a
juror (*see People v Starling*, 85 NY2d 509, 516 [1995]; *People v
Peller*, 8 AD3d 1123 [2004], *lv denied* 3 NY3d 679 [2004]), and
we decline to exercise our power to review that contention as a
matter of discretion in the interest of justice (*see* CPL 470.15
[6] [a]). We reject the related contention of defendant that the
court's alleged improper handling of the jury notes is a mode of
proceedings error that need not be preserved by a timely objec-
tion inasmuch as, here, the court read the jury notes into the
record before responding and thus fulfilled its "core responsibil-
ity" under CPL 310.30 (*People v Kisoon*, 8 NY3d 129, 134
[2007]; *see Starling*, 85 NY2d at 516; *People v Vazquez*, 28 AD3d
1100, 1101 [2006], *lv denied* 9 NY3d 965 [2007]).

We further conclude that the court's *Sandoval* ruling did not
constitute a " 'clear abuse of discretion,' " warranting reversal
(*People v Nichols*, 302 AD2d 953, 953 [2003], *lv denied* 99 NY2d
657 [2003]; *see People v Reid*, 34 AD3d 1273, 1274 [2006], *lv
denied* 8 NY3d 884 [2007]). The prior convictions in question
bore directly on the credibility of defendant, inasmuch as they
involved acts of dishonesty by him (*see People v Robles*, 38 AD3d
1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]), and they
reflected a willingness on his part to place his interests above
those of society (*see People v Thomas*, 8 AD3d 506 [2004], *lv
denied* 3 NY3d 682 [2004]; *People v Bell*, 249 AD2d 777, 778
[1998], *lv denied* 92 NY2d 922 [1998]). The court similarly did

not abuse its discretion in allowing the prosecutor to question defendant concerning the underlying facts of a juvenile delinquency adjudication in Family Court (*see People v Gray*, 84 NY2d 709, 712 [1995]). We note that, although the record incorrectly refers to that adjudication as a youthful offender adjudication, it is permissible to question a defendant with respect to the underlying acts of either type of adjudication (*see id.*).

Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we reject that contention inasmuch as defendant was identified by two eyewitnesses at trial (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime of burglary as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We further reject the contention of defendant that the 10-year term of incarceration imposed is unduly harsh and severe, particularly in view of the fact that defendant has a prior felony conviction and could have been sentenced to as much as a 25-year term of incarceration. Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.