# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1487**
**KA 09-01463**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

MAJERE SMIKLE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BORIS I. KARASCH, TIMOTHY P. MURPHY, OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY M. MORGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered June 4, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [4]), for unlawfully entering an occupied apartment with a handgun in an apparent attempt to steal money or drugs. Defendant failed to preserve for our review his contention that Supreme Court failed to comply with CPL 310.30 in connection with four jury notes and an oral request from a juror (*see People v Starling*, 85 NY2d 509, 516; *People v Peller*, 8 AD3d 1123, *lv denied* 3 NY3d 679), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the related contention of defendant that the court's alleged improper handling of the jury notes is a mode of proceedings error that need not be preserved by a timely objection inasmuch as, here, the court read the jury notes into the record before responding and thus fulfilled its "core responsibility" under CPL 310.30 (*People v Kisoon*, 8 NY3d 129, 134; *see Starling*, 85 NY2d at 516; *People v Vazquez*, 28 AD3d 1100, 1101, *lv denied* 9 NY3d 965).

We further conclude that the court's *Sandoval* ruling did not constitute a " 'clear abuse of discretion,' " warranting reversal (*People v Nichols*, 302 AD2d 953, 953, *lv denied* 99 NY2d 657; *see People v Reid*, 34 AD3d 1273, 1274, *lv denied* 8 NY3d 884). The prior convictions in question bore directly on the credibility of defendant, inasmuch as they involved acts of dishonesty by him (*see People v Robles*, 38 AD3d 1294, 1295, *lv denied* 8 NY3d 990), and they reflected

a willingness on his part to place his interests above those of society (*see People v Thomas*, 8 AD3d 506, *lv denied* 3 NY3d 682; *People v Bell*, 249 AD2d 777, 778, *lv denied* 92 NY2d 922).  The court similarly did not abuse its discretion in allowing the prosecutor to question defendant concerning the underlying facts of a juvenile delinquency adjudication in Family Court (*see People v Gray*, 84 NY2d 709, 712).  We note that, although the record incorrectly refers to that adjudication as a youthful offender adjudication, it is permissible to question a defendant with respect to the underlying acts of either type of adjudication (*see id.*).

Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19).  In any event, we reject that contention inasmuch as defendant was identified by two eyewitnesses at trial (*see generally People v Bleakley*, 69 NY2d 490, 495).  Furthermore, viewing the evidence in light of the elements of the crime of burglary as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We further reject the contention of defendant that the 10-year term of incarceration imposed is unduly harsh and severe, particularly in view of the fact that defendant has a prior felony conviction and could have been sentenced to as much as a 25-year term of incarceration. Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 25, 2011                      Patricia L. Morgan
                                              Clerk of the Court