# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

594

KA 08-00132

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JERMAINE T. LESTER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered November 19, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in limiting his cross-examination of a prosecution witness. Defendant failed to preserve that contention for our review (*see People v George*, 67 NY2d 817, 818-819; *People v Rookey*, 292 AD2d 783, *lv denied* 98 NY2d 701), and in any event it is without merit. "It is well settled that [t]he scope of cross-examination is within the sound discretion of the trial court" (*People v Bryant*, 73 AD3d 1442, 1443, *lv denied* 15 NY3d 850 [internal quotation marks omitted]). Here, the court did not abuse its discretion because there was no good-faith basis for the question at issue (*see People v Baker*, 294 AD2d 888, 889, *lv denied* 98 NY2d 708) and, moreover, the court's refusal to allow defendant to ask the prosecution witness that single question cannot be said to have affected the outcome of the trial (*see Bryant*, 73 AD3d at 1443).

We further reject defendant's contention that the court erred in permitting an investigating officer to testify concerning an out-of-court statement made by an unidentified witness. That out-of-court statement was properly admitted because it was offered "not for [its] truth, but for the fact [that it was] made" (*People v Mastin*, 261 AD2d 892, 894, *lv denied* 93 NY2d 1022). As the court properly explained in its limiting instruction to the jury, the testimony of the investigating officer that is challenged by defendant was admitted "for the 'nonhearsay purpose of completing the narrative of events and

explaining police actions' " (*People v Vazquez*, 28 AD3d 1100, 1101, *lv denied* 9 NY3d 965; *see People v Tosca*, 98 NY2d 660).  In any event, any error with respect to the admission of that testimony is harmless (*see Vazquez*, 28 AD3d at 1101).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court