# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1015**
**KA 09-01941**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

LON COLDIRON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 8, 2009. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and attempted grand larceny in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and attempted grand larceny in the second degree (§§ 110.00, 155.40 [1]), defendant contends that County Court failed to comply with CPL 310.30 in responding to a jury note requesting a readback of certain testimony. The record establishes that the court gave defense counsel ample opportunity to provide input prior to the readback, and we thus conclude that defense counsel's "silence at a time when any error by the court could have been obviated by timely objection renders the [contention] unpreserved" for our review (*People v Starling*, 85 NY2d 509, 516; *see People v Smikle*, 82 AD3d 1697). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court properly allowed the People to present testimony concerning a prior uncharged arson. That testimony "was probative of defendant's motive and intent and provided background information explaining" defendant's conduct prior to the fire (*People v Collins*, 29 AD3d 434, 434). Nor did the court abuse its discretion in admitting the photograph of defendant's dog in evidence, inasmuch as the photograph was relevant to the prosecution's theory and thus was not admitted for the sole purpose of arousing the emotions of the jury (*see People v Hill*, 82 AD3d 1715, 1717). Finally, the sentence

is not unduly harsh or severe.

Entered:  September 30, 2011

Patricia L. Morgan
Clerk of the Court