Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered September 30, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree.
It is hereby ordered that the judgment so appealed from is affirmed.
*1504 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the second degree (Penal Law § 155.40 [1]). Defendant contends that he was deprived of a fair trial because County Court improperly admitted as Molineux evidence a civil contempt order (hereafter, contempt order) finding that certain companies owned solely by defendant (hereafter, defendant’s businesses) had failed to obey the terms of an earlier order. We reject that contention. The earlier order directed defendant’s businesses to turn over all monies they had received as a result of defendant diverting credit card proceeds from Webster Hospitality Development LLC (WHD), a company in which defendant held majority ownership and which was in receivership, to undisclosed bank accounts maintained for defendant’s businesses. Contrary to defendant’s contention, the contempt order does not constitute a finding that defendant stole the money; rather, it demonstrates that defendant’s businesses failed to abide by the earlier order to return money to WHD and to provide certain documentation to the receiver. We thus conclude that the contempt order was properly admitted as relevant evidence of defendant’s intent to deprive WHD of the money by “withhold [ing] it or causing] it to be withheld from [WHD] permanently” (§ 155.00 [3]; see People v Molineux, 168 NY 264, 293 [1901]). Moreover, we note that “[l]arcenous intent ... ‘is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant’s actions’ ” (People v Brown, 107 AD3d 1145, 1146 [2013], lv denied 22 NY3d 1039 [2013]). Here, the contempt order had significant probative value inasmuch as it showed that defendant’s conduct did not merely constitute poor financial management but, rather, that defendant, through his businesses, intended to deprive WHD of the diverted money permanently. The court therefore properly concluded that “the probative value of the evidence outweighed its prejudicial effect” (People v Smith, 129 AD3d 1549, 1549 [2015], lv denied 26 NY3d 971 [2015]).
We reject defendant’s contention that the court improperly limited his cross-examination of a witness with the minority ownership of WHD. “It is well settled that [t]he scope of cross-examination is within the sound discretion of the trial court” (People v Bryant, 73 AD3d 1442, 1443 [2010] [internal quotation marks omitted], lv denied 15 NY3d 850 [2010]). Here, “the record establishes that defendant was given wide latitude in cross-examining the witness in question, and the court limited the cross-examination in merely a single instance that could not have affected the outcome of the trial” (id.). Contrary to de *1505 fendant’s further contention, we conclude that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we reject defendant’s contention that the court abused its discretion in denying his request for an adjournment of sentencing to permit his newly-retained counsel additional time to prepare. “It is well established that ‘[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court’ ” (People v LaCroce, 83 AD3d 1388, 1388 [2011], lv denied 17 NY3d 807 [2011], quoting People v Diggins, 11 NY3d 518, 524 [2008]), and “ ‘[t]he court’s exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice’ ” (People v Aikey, 94 AD3d 1485, 1486 [2012], lv denied 19 NY3d 956 [2012]). Defendant made no such showing here.
All concur except Centra and Lindley, JJ., who dissent and vote to reverse in accordance with the following memorandum.