# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**145**

**KA 12-01039**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NANCY JAMES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 13, 2012. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the second degree (§ 120.05 [2]). The charges stem from defendant's conduct during a New Year's Eve party when several people began fighting. The People alleged that defendant cut one victim on the forehead with a piece of broken glass and then fatally stabbed a second victim. Defendant contends that Supreme Court erred in denying her request to charge the defense of justification on the assault count with respect to both ordinary and deadly physical force, requiring reversal of the assault count and the factually related manslaughter count. We agree with defendant that the court committed reversible error in refusing to charge the defense of justification with respect to deadly physical force under Penal Law § 35.15 (2) (a).

"A trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it' . . . Viewing the record in the light most favorable to the defendant, a court must determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (*People v Petty*, 7 NY3d 277, 284; *see People v Cox*, 92 NY2d 1002, 1004; *People v Gentile*, 23 AD3d 1075, 1075, *lv denied* 6 NY3d 813). Where deadly physical force is used, the evidence must

establish that the defendant reasonably believed that the other person was using or about to use deadly physical force (*see* Penal Law § 35.15 [2] [a]; *People v Goetz*, 68 NY2d 96, 106).

We agree with the court that defendant used deadly physical force and not ordinary physical force when she used a piece of broken glass to slash the first victim's forehead (*see People v Mason*, 132 AD3d 777, 777; *see also People v Saenz*, 27 AD3d 379, 380, *lv denied* 7 NY3d 762). We therefore reject defendant's contention that the court erred in failing to charge the jury on justification using nondeadly physical force for the assault count. We agree with defendant, however, that the court erred in denying her request to charge the jury on justification using deadly physical force in defense of a third party for the assault count. There was a reasonable view of the evidence, viewed in the light most favorable to defendant, that the first victim was using deadly physical force by striking defendant's brother in the head with a champagne bottle when defendant assaulted her (*see generally People v Ponder*, 34 AD3d 1314, 1315; *People v Liggins*, 2 AD3d 1325, 1326-1327). We further agree with defendant that the error in failing to give the justification charge on the assault count requires reversal of the manslaughter count as well. Although the court instructed the jury on justification for that count, there was a "significant factual relationship" between the two counts (*People v McDaniel*, 81 NY2d 10, 20), particularly on the issue whether defendant was the initial aggressor (*see* Penal Law § 35.15 [1] [b]). We therefore reverse the judgment and grant a new trial on both counts.

In view of our determination, we need not review defendant's remaining contentions. Nevertheless, because we are granting a new trial, we note in the interest of judicial economy that the court erred in allowing the People to impeach one of their witnesses with her grand jury testimony. The witness's testimony that she did not see defendant stab the second victim did not affirmatively damage the People's case (*see People v Ayala*, 121 AD3d 1124, 1125, *lv denied* 25 NY3d 987; *People v Rios*, 166 AD2d 616, 617, *lv denied* 77 NY2d 842; *People v Garrett*, 147 AD2d 905, 905-906, *lv denied* 74 NY2d 664).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court