■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RAMIREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 31, 1977, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant was indicted for two counts of murder in the second degree. The indictment stemmed from an incident in the early morning of September 5, 1976, when the defendant allegedly poured gasoline over the victim's automobile and caused the gasoline to ignite while the victim was in the vehicle. After a jury trial, the defendant was convicted of manslaughter in the second degree. Crucial to the prosecution was the testimony of the defendant's brother-in-law and sister-in-law. These witnesses live in the same building as the defendant and apparently observed the events from their windows. In testifying before the Grand Jury, these witnesses had incriminated the defendant. However, at the trial, both

witnesses initially testified that they did not see the defendant outside at the time of the fire, thereby failing to incriminate the defendant. After substantial prodding, which included use of the witnesses' Grand Jury testimony, the witnesses finally testified to the general effect that they saw the defendant go outside holding some sort of can and pour a liquid substance over the victim's automobile. One of the witnesses testified that defendant lit a match and threw it in the direction of the victim's vehicle. The vehicle caught fire while the victim was at the wheel. This testimony fully incriminated the defendant. On appeal, it is argued, *inter alia,* that the trial court improperly refused to instruct the jury, pursuant to CPL 60.35, that the Grand Jury testimony was received only for the purpose of impeaching the credibility of the witnesses and not as evidence in chief. In the circumstances of this case, we hold that CPL 60.35 was not applicable and, therefore, the trial court's refusal to give the requested instruction was not erroneous. Inherent in impeachment of this type is that there is a discrepancy between the trial testimony and a prior written or sworn statement. However, when the witnesses' direct testimony is viewed as a whole, there is no such inconsistency. The testimony as a whole fully incriminated the defendant. That there were some internal inconsistencies, and that the witnesses had to be extensively prodded, merely affects the witnesses' credibility but does not constitute impeachment. These witnesses were not impeached. They simply (1) adopted as their present direct, substantive trial testimony certain answers given before the Grand Jury, (2) greatly expanded their original direct testimony, and (3) then gave as their direct testimony a full, incriminating version of what they had observed at the time in issue. Since the witnesses' trial testimony adopted and went beyond their Grand Jury testimony, there was no inconsistency which required the giving of a cautionary instruction pursuant to CPL 60.35. Therefore, the trial court was correct in rejecting defense requests to charge to the effect that the testimony before the Grand Jury "may be received only for the purpose of impeaching the credibility of the witness with respect to his testimony upon the subject, and does not constitute evidence in chief" (see CPL 60.35, subd 2). We have examined appellant's other contentions and find them to be without merit. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.