■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BRACY, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered April 28, 1989, convicting defendant, after a jury trial, of Assault in the Second Degree and Criminal Possession of a Weapon in the Third Degree and sentencing him as a second violent felony offender to concurrent terms of 2¾ to 5½ years, unanimously affirmed.

The trial evidence established that Michael Taylor borrowed a small sum of money from defendant, which defendant came to collect on September 16, 1988. Michael referred defendant to his brother, George Taylor, who had been given the money. When defendant approached George, George handed over the money, yet the defendant, without a word, started to hit George with a baseball bat. A few days later, defendant walked up to Michael, and began to strike him with a baseball bat.

Defendant, testifying in his own behalf, claimed that when he went to collect the debt, he was attacked by the two brothers, joined by yet another brother. The People's rebuttal evidence consisted of the third brother's testimony, who denied being involved with any confrontation, and contradicted other details of defendant's testimony.

While defendant claims the trial court erroneously declared Michael Taylor to be a "hostile witness", and improperly permitted the prosecutor to impeach him with his prior grand jury testimony, and then failed to issue the proper limiting

instruction informing the jury that the prior statement could be considered solely for credibility purposes, defendant did not object when Michael Taylor was declared a "hostile witness", or was questioned about his prior grand jury testimony. Defendant also failed to either request a limiting instruction from the court or object to its omission. Thus, these present claims have not been preserved for review (CPL 470.05 [2]). In any event, any possible error was harmless under the circumstances. The designation of the witness as "hostile" simply permitted the prosecutor to ask him leading questions. While the requirements of CPL 60.35 were not fully met before the prosecutor questioned the witness about his prior grand jury testimony, he was asked about a prior sworn statement. After the grand jury testimony was read, Michael Taylor admitted that defendant had, in fact, attacked him, thereby providing substantive evidence in chief on the matter. Accordingly, the failure of the court to give the limiting instruction was not prejudicial since the witness had provided substantive testimony at the trial that did coincide with the prior sworn version. Moreover, this lack of prejudice was most clearly demonstrated by the acquittal of defendant of all the charges in connection with the attack on Michael Taylor.

The defendant also complains of interjection by the court in the questioning of the complaining witnesses. However, defendant never objected at trial to the questions about which he now complains and, accordingly, the issue has not been preserved for our review as a matter of law (CPL 470.05 [2]; *People v Charleston*, 56 NY2d 886, 888). In any event, as defendant concedes, the trial court "did not engage in persistent questioning of the witnesses". Further, the questions were asked in order to clarify matters for the jury and did not unfairly create bias or prejudice against defendant.

Defendant challenges the prosecutor's summation. Since he failed to object to most of the comments of which he now complains, his objections as to these comments have not been preserved for appellate review as a matter of law. Moreover, the summation was grounded in the evidence, was responsive to the defense summation, did not express the prosecutor's personal opinion and did not attempt to appeal to community prejudice.

We have examined defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.