THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered May 25, 1989, convicting him of robbery in

the first degree, robbery in the second degree, assault in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 10:00 P.M. on September 21, 1987, the defendant and an accomplice broke into the victim's home, beat her about the head and body, and robbed her of a watch and $20. The incident lasted for about one half hour.

Before the assailants had tied the victim's nightgown over her head and dragged her from her bed, she observed the defendant, face-to-face, in the well-lit hallway just outside her bedroom door. In fact, the victim testified that her eyes locked briefly with the defendant's eyes. The victim's next-door neighbor also testified that he had seen the defendant, face-to-face, in front of the victim's house shortly before the incident, as he brushed past him on his way to a store. The neighbor also observed the defendant jumping over a back fence behind the house soon after. Approximately three months later, both witnesses separately picked the defendant out of a lineup and "positively" identified him, and both made in-court identifications of the defendant.

On appeal, the defendant contends that the People failed to prove his identity as the person who had committed robbery, burglary, and assault at the victim's home on the date in question. Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 174 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The jury heard all of the positive identification testimony proffered by the witnesses. It also heard some inconsistencies in the victim's description of the defendant. Subsequently, the jury resolved any contradictions in the People's favor, as it is in their province to do. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review

or without merit. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.