■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL FAULKNER, Appellant. [632 NYS2d 189] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 21, 1990, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant contends that the evidence identifying him as the shooter is both legally and factually insufficient to support the verdict of guilt because the only witnesses who placed him at the crime scene precisely when the shooting occurred had made conflicting statements as to the identity of the shooter. We disagree. In addition to the identification testimony, the evidence included proof of both a motive for the shooting and the

defendant's consciousness of guilt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the jurors were aware of the inconsistencies in the prosecution witnesses' prior statements, and apparently resolved any contradictions in the People's favor, as it is in their province to do *(see, People v Williams,* 184 AD2d 606). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court did not err in permitting the People to impeach one of their own witnesses with his Grand Jury testimony *(see,* CPL 60.35). At the Grand Jury the witness testified that he saw the defendant's hand holding the gun from which the fatal shots were fired. However, at trial he first said that he did not see who did the shooting, and then testified that he saw the defendant "just standing there, I guess" at the time of the shooting. When taken as a whole, the witness's testimony can be said to "tend to disprove" or "affirmatively damage" the People's case, such that the subsequent impeachment with the Grand Jury testimony, which was accompanied by a limiting instruction by the trial court, was appropriate *(see,* CPL 60.35 [1]; *People v Fitzpatrick,* 40 NY2d 44; *cf., People v Andre,* 185 AD2d 276). In any event, the witness ultimately testified at trial in accordance with his Grand Jury testimony *(see, People v Ramirez,* 66 AD2d 902).

Under the circumstances of this case, the trial court's identification charge, by which the court instructed the jury that the identification of the shooter had to be proved beyond a reasonable doubt and provided the jury with extensive instructions on weighing the witnesses' credibility, was sufficient, and an expanded charge was not required *(see, People v Thompson,* 202 AD2d 454; *People v Syshawn,* 200 AD2d 778).

The minimum terms of imprisonment imposed upon the defendant's conviction were fixed at one-half of the maximum term of imprisonment imposed. This sentence is inappropriate, as the defendant was not adjudicated a second felony offender *(see,* Penal Law § 70.02 [4]; § 70.06 [4]). Thus the matter is remitted for resentencing.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.