■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALIK MARSHALL, Appellant. [632 NYS2d 653] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered March 1, 1994, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the gunpoint robbery of two persons. On appeal, he argues that the People were erroneously permitted to impeach one of their own witnesses with a prior signed written statement in violation of CPL 60.35 (1). He further argues that the error was compounded when the court failed to give limiting instructions to the jury concerning the evidentiary value of the statement. We disagree.

The party who calls a witness "certifies his [or her] credibility" *(People v Sexton,* 187 NY 495, 509). However, when a witness is unwilling or reluctant to testify, he or she may be declared "hostile" by the court and be questioned by the party who called him or her by use of, *inter alia,* leading questions *(see, People v Sexton, supra),* although, pursuant to CPL 60.35, a witness in a criminal trial may not be impeached by the party who called him or her through the use of a signed written or sworn oral statement unless the witness's testimony at trial "affirmatively" damages that party's case *(see, People v Fitzpatrick,* 40 NY2d 44; *People v Andre,* 185 AD2d 276). Here, the subject witness, who was testifying for the People pursuant to a subpoena, was properly declared "hostile" by the court when her testimony at trial diverged from her signed written statement. However, because her trial testimony did not "affirmatively" damage the People's case, they would not have been permitted to impeach her by use of the statement *(see, People v Pellot,* 186 AD2d 158). In fact, the People did not use the statement to impeach the witness since she essentially adopted the content of the statement by her trial testimony. Thus, the witness's signed written statement was used merely to lead her, not to impeach her, and the defendant was not prejudiced thereby *(see, People v Bracy,* 174 AD2d 527; *People v Ramirez,* 66 AD2d 902). Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.