■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GAYLE, Appellant. [655 NYS2d 513] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered June 10, 1993, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent felony offender, to concurrent prison terms of 25 years to life, and 1 year, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the third-degree burglary conviction to a term of 15 years to life, and otherwise affirmed. Judgment, same court and Justice, also rendered June 10, 1993, convicting defendant, after a jury trial of another indictment, of rape in the first degree, robbery in the first degree, burglary in the first degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent felony offender with respect to the criminal possession of stolen property conviction and as a persistent violent felony offender with respect to the remaining convictions, to consecutive terms of 25 years to life on the rape, robbery and criminal possession of stolen property convictions, and a concurrent term of 25 years to life on the burglary conviction, said sentences to run consecutively to the sentences imposed for the above-mentioned third-degree burglary and fifth-degree criminal possession of stolen property convictions, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences run concurrently with each other but consecutively to the sentences imposed for the above-mentioned third-degree burglary and fifth-degree criminal possession of stolen property convictions, and otherwise affirmed.

In the trial of the first indictment, the court properly denied defendant's challenge for cause to a prospective juror. The juror's responses to the court's inquiries, taken as a whole, demonstrated that she could render an impartial verdict based on the evidence (*People v Williams*, 63 NY2d 882, 885), and that, due to the passage of time, the juror no longer had a "suspect relationship" with any participant in the proceeding (*People v Colon*, 71 NY2d 410, 418, *cert denied* 487 US 1239).

In the trial of the second indictment, the court properly exercised its discretion when, over defense objection, it excused a group of prospective jurors *sua sponte*, without voir dire by

counsel, since these jurors' negative responses to the court's question as to whether they could be fair and impartial in the case revealed that they were unqualified (*People v Decker*, 157 NY 186, 190-193; *People v Mitchell*, 224 AD2d 316, *lv denied* 88 NY2d 968; *People v Purcell*, 103 AD2d 938; *see also*, *People v Vargas*, 88 NY2d 363, 379). Defendant's claims of prejudice arising from this procedure rest on pure speculation.

We find the sentences excessive to the extent indicated. Concur—Murphy, P. J., Rubin, Tom and Andrias, JJ.