■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVO ZAMORA, Appellant. [663 NYS2d 867] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 6, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

During the second round of jury selection, prior to voir dire

by the attorneys, the court, *sua sponte,* excused a juror following a sidebar conference. On appeal, the defendant contends that he was denied his right to be present at a material stage of the trial when the court conducted the sidebar conference in his absence.

The court has the discretion to excuse a prospective juror *sua sponte,* without any voir dire by counsel, when the court's own questions reveal that the juror is unqualified to serve (*see, People v Mitchell,* 224 AD2d 316; *see also, People v Decker,* 157 NY 186; *People v Vargas,* 88 NY2d 363, 379). In the case at bar, the defendant was accused of shooting the victim near an exit ramp on the Grand Central Parkway, and the prosecutor had informed the court, prior to the sidebar conference, that the People intended to offer proof that the motive for the shooting involved a drug transaction. The juror in question advised the court that "I know the area where this all happened. I have a son whose *[sic]* a drug addict, a lot of drug shootings". Under the circumstances, we conclude that the juror was disqualified for cause. When a prospective juror is disqualified by the court for cause, any benefit the defendant might claim from his presence at the excuse for cause hearing is purely speculative, and therefore, his absence from that hearing does not require reversal (*see, People v Roman,* 88 NY2d 18, 28; *People v Falcon,* 228 AD2d 517; *see also, People v Maher,* 89 NY2d 318, 325).

The sentence imposed is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are unpreserved for review or without merit. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.