■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BITTU SINGH, Appellant. [691 NYS2d 357] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered May 8, 1998, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

. The defendant's contention that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review (see, People v Vega, 183 AD2d 864). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's assertions, there existed probable cause for his arrest (see, People v Rosario, 78 NY2d 583, 588; People v Pascual, 173 AD2d 746, 747).

The tape of a 911 telephone call describing events which occurred after the crime of resisting arrest had been completed was not relevant and properly excluded. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SUAREZ, Appellant. [691 NYS2d 360] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered March 12, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was not tried before jurors in whose selection he had a voice is unpreserved for appellate review (see, CPL 470.05 [2]; People v Hopkins, 76 NY2d 872; People v Martinez, 239 AD2d 205).

In any event, the court did not err in dismissing, without any voir dire by counsel, a prospective juror whose negative response to the court's own question revealed that the juror was unqualified to serve (see, People v Vargas, 88 NY2d 363; People v Decker, 157 NY 186; People v Zamora, 243 AD2d 746; People v Gayle, 238 AD2d 133; People v Mitchell, 224 AD2d 316; People v Mulinar, 185 AD2d 996; People v Purcell, 103 AD2d 938). Moreover, as the prospective juror was replaced with an unbiased juror, the defendant's claim of prejudice is pure speculation (see, People v Zamora, supra; People v Gayle, supra). Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.