■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON MUNIZ, Appellant. [710 NYS2d 896] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered July 22, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (3 counts), and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

After a Hinton hearing, the court ruled that the People had made a sufficient showing to warrant closure of the courtroom during the undercover officer's testimony. However, rather than

actually closing the courtroom the court decided, *sua sponte*, to post a court officer outside the courtroom with instructions to notify the court if anyone sought entry. Since defendant made no objection to this alternative to closure, his current objection is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's action was appropriate. This screening procedure was not a closure of the courtroom, and would not have ripened into even a partial closure unless and until someone was denied entry (*People v Perez*, 245 AD2d 71, *lv denied* 91 NY2d 976). In any event, the *Hinton* hearing testimony provided a sufficient basis for closure.

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.