■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOOZER, Appellant. [748 NYS2d 379] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered February 1, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court and Justice, entered on or about March 7, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The court properly exercised its discretion in qualifying an assistant medical examiner as an expert on blood spatter. Although defendant contends that blood spatter is an area about which forensic pathologists are not "ordinarily called upon to make judgments" (*Romano v Stanley*, 90 NY2d 444, 452), and was therefore outside the witness's expertise, there was no such indication in her testimony. Indeed, her qualification as an expert in blood spatter analysis was fully supported by her testimony regarding her classroom and on-the-job training as well as her experience in that subject.

Defendant's challenge to the court's sua sponte, pre-voir dire excusal of those prospective jurors who were uncertain of their ability to be fair requires preservation and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the court's procedure was an effective screening device and a proper exercise of discretion (*see People v Gayle*, 238 AD2d 133, *lv denied* 90 NY2d 893; *see also People v Velasco*, 77 NY2d 469, 473). Defendant's argument that the court improperly delegated a judicial function to the panelists themselves is without merit.

Defendant was not entitled to a hearing on his CPL 440.10 motion since his allegation that his attorney provided improper and incorrect advice, which discouraged defendant from choosing to testify before the grand jury, would not, if true, establish ineffective assistance of counsel (*cf. People v Wiggins*, 89 NY2d 872). We find defendant's constitutional claim to be without merit. Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.