■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McGHEE, Appellant. [772 NYS2d 344]—

Appeals by the defendant from two judgments of the County

Court, Suffolk County (Weber, J.), both rendered October 11, 2000, convicting him of manslaughter in the first degree under Indictment No. 1337/98, upon a jury verdict, and murder in the second degree, assault in the first degree, attempted robbery in the first degree, robbery in the first degree, and criminal possession of stolen property in the fourth degree, under Indictment No. 1332B/98, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the sua sponte pre-voir dire excusal by the County Court of those prospective jurors who were uncertain of their ability to be fair is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this procedure was a proper exercise of the court's discretion (*see People v Boozer,* 298 AD2d 261 [2002]; *People v Brown,* 136 AD2d 1 [1988], *lv denied* 72 NY2d 857 [1988], *cert denied* 488 US 897 [1988]; *People v Gayle,* 238 AD2d 133 [1997]).

The County Court properly refused to charge the jury as to the defense of justification. A trial court must charge a jury on the defense of justification only "if on any reasonable view of the evidence, the fact finder might have decided that the defendant's actions were justified" (*People v Cox,* 92 NY2d 1002, 1004 [1998] [internal quotation marks omitted]; *see People v White,* 305 AD2d 616 [2003]; *People v Davis,* 293 AD2d 486 [2002]). Where deadly physical force is used, the evidence must establish that the defendant reasonably believed that he or she was in imminent danger of being subjected to deadly physical force, and that he or she had satisfied his or her duty to retreat, or was under no such duty (*see People v Powell,* 181 AD2d 923 [1992]). Here, there is no reasonable view of the evidence from which the finder of fact could have found that the defendant's actions were justified. By his own testimony, the defendant established that just before the victim was stabbed, the victim dropped the knife he allegedly possessed.

The defendant contends that there was insufficient proof of his identity as the person who stabbed the victim. However, viewing the evidence adduced at the trial in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Although the County Court improperly permitted the defendant to be cross-examined as to his pretrial alibi notice (*see People v Brown,* 98 NY2d 226 [2002]), this error was harmless

in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's remaining contentions with respect to the judgment of conviction rendered under Indictment No. 1337/98 either are unpreserved for appellate review or constitute harmless error in light of the overwhelming evidence of his guilt.

In view of our determination with respect to the defendant's judgment of conviction rendered under Indictment No. 1337/98, upon a jury verdict, there is no basis for vacatur of his plea of guilty under Indictment No. 1332B/98. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.