■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WYNDER, Appellant. [839 NYS2d 14]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 12, 2004, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.

Defendant's contentions regarding the court's sua sponte dismissal of a large number of prospective jurors are unpreserved since he failed to object at a time when the court could have corrected the claimed error (*see People v Hopkins*, 76 NY2d 872 [1990]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly excused these panelists based on its own questioning that revealed that they were unqualified, and we would conclude that additional inquiry by counsel was unnecessary (*see e.g. People v Boozer*, 298 AD2d 261 [2002], *lv denied* 99 NY2d 555 [2002]; *People v Gayle*, 238 AD2d 133 [1997], *lv denied* 90 NY2d 893 [1997]; *People v Mitchell*, 224 AD2d 316 [1996], *lv denied* 88 NY2d 968 [1996]).

The court properly received evidence that defendant was on parole at the time of the crime and stopped reporting to his parole officer immediately thereafter, since this evidence was relevant to his consciousness of guilt. The court also properly admitted another reference to defendant's parole situation that provided necessary context for a statement he made that tended

to establish his intent to rob the victim. This evidence remained probative of contested issues at trial, notwithstanding defendant's concessions with regard to some aspects of the case. To the extent that the court received unnecessary detail about defendant's parole situation, the error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.