■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY S. KRAVITZ, Appellant. [905 NYS2d 696]—

Rose, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered December 9, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and menacing in the second degree.

Defendant was at the home of his girlfriend when a neighbor (hereinafter the victim) came to the door and complained that the girlfriend's dog had been chasing the victim's horses. Threats were allegedly exchanged and defendant slammed the door. After the victim walked toward the road where she had parked her vehicle and she was no longer visible, defendant and his girlfriend allegedly heard a gunshot. Defendant grabbed his girlfriend's .35 caliber rifle, opened the door and fired it, allegedly at the ground. The victim testified that, after hearing that shot and the sound of something whistling past her head, she looked back toward the house to see defendant on the porch with a gun in his hands. The victim got into her vehicle, sped home and immediately called the police. Defendant was subsequently charged and, following a jury trial, convicted of criminal possession of a weapon in the third degree and menacing in the second degree.

We cannot agree with defendant's argument that County Court erred in denying his request for a justification charge to the jury (*see* Penal Law § 35.05 [2]). "Although the record must be considered in the light most favorable to the accused, a court need not charge justification if no reasonable view of the evi-

dence establishes the elements of the defense" (*People v Reynoso*, 73 NY2d 816, 818 [1988] [citations omitted]; *see People v Padgett*, 60 NY2d 142, 144-145 [1983]). To warrant the charge, the record must show that the defendant responded to "an impending harm which constitutes a present, immediate threat—i.e, a danger that is actual and at hand, not one that is speculative, abstract or remote" (*People v Craig*, 78 NY2d 616, 624 [1991]). The statute contemplates responsive conduct that is "reasonably calculated to have an actual effect in preventing the harm. It rules out conduct that is tentative or only advisable or preferable or conduct for which there is a reasonable, legal alternative course of action" (*id.* at 623 [citations omitted]).

Here, the evidence most favorable to defendant was the statement he gave to police on the day of the incident and the testimony of his girlfriend. In his statement, defendant claimed that the victim threatened to shoot him and the dog, whereupon he "slammed the door in her face and she stormed up the driveway." He stated that when he then heard a shot from the top of the driveway followed by the sound of a vehicle peeling out, he grabbed the rifle and shot a round out at the ground. Defendant stated, "I was mad" and "I decided to let her know that I am armed too." His girlfriend testified that, after defendant slammed the door, the victim walked for approximately 40 seconds up the driveway toward the road, went out of sight and then, 10 seconds later, the girlfriend heard a shot. She testified that she heard a vehicle peeling out as defendant opened the door, grabbed her gun, and fired a shot from the doorway out at the ground. Given these accounts, it is clear that, rather than remain safely inside the girlfriend's home and immediately call the police, defendant reacted out of anger by opening the door and firing a shot at a time when the victim was out of sight and departing in her vehicle. Inasmuch as there is no reasonable view of the evidence under which the jury could have concluded that defendant's conduct was necessary to avoid imminent injury or that he lacked a reasonable, legal alternative course of action, the justification defense was not available here (*see* Penal Law § 35.05 [2]; *People v Craig*, 78 NY2d at 623-625; *People v Hicks*, 35 AD3d 1027, 1030 [2006]).

Defendant also argues that, because he holds a certificate of relief from disabilities granted in connection with an earlier felony conviction, the People could not use that conviction as a predicate offense for the charge of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]). Defendant did not; however, move or argue for dismissal of that charge on that ground. Although County Court determined sua

sponte that defendant's certificate of relief from disabilities could not be the basis for dismissal of that charge, he did not object or move to reargue. Having failed to make his position known to the court or protest its ruling, the issue is unpreserved for our review (*see* CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1002 [1996]; *People v Wynder*, 41 AD3d 209, 209 [2007], *lv denied* 9 NY3d 884 [2007]; *People v McGhee*, 4 AD3d 485, 486 [2004], *lv denied* 2 NY3d 803 [2004]; *People v McLeod*, 281 AD2d 325, 326 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Muniz*, 273 AD2d 138, 139 [2000]).

Cardona, P.J., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.