■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK E. WEST, Appellant. [925 NYS2d 272]—

Peters, J.P. Appeal from a judgment of the County Court of Cortland County (Sherman, J.), rendered December 15, 2009, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On this appeal from his conviction of manslaughter in the first degree, defendant raises a number of issues pertaining to the People's questioning of their own witness, Robin Stevens.

Finding these claims to be either without merit or unpreserved for our review, we affirm.

Given Stevens' repeated refusals at trial to answer any questions concerning the written statement he provided to police regarding certain admissions allegedly made by defendant while in jail, County Court properly exercised its discretion in declaring Stevens to be a hostile witness and permitting the use of leading questions by the People (*see People v Sexton*, 187 NY 495, 509 [1907]; *People v Bell*, 249 AD2d 777, 779 [1998], *lv denied* 92 NY2d 922 [1998]; *People v Marshall*, 220 AD2d 692, 693 [1995], *lv denied* 87 NY2d 904 [1995]). Defendant failed to preserve for our review his additional assertions that the People were improperly permitted to impeach Stevens with his prior out-of-court statements, in violation of CPL 60.35 and his right to confrontation (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Boyd*, 222 AD2d 314, 315 [1995], *lv denied* 87 NY2d 970 [1996]; *People v Bracy*, 174 AD2d 527, 527-528 [1991], *lv denied* 78 NY2d 1074 [1991]), and that County Court did not adequately instruct the jury regarding the limited purpose for which such statements could be considered (*see* CPL 470.05 [2]; *People v Ryan*, 46 AD3d 1125, 1127-1128 [2007], *lv denied* 10 NY3d 939 [2008]). Even were we to consider these claims, we would find that County Court provided prompt and appropriate limiting instructions to the jury (*see People v Andujar*, 290 AD2d 654, 657 [2002], *lv denied* 98 NY2d 648 [2002]) and that the use of Stevens' prior statements for impeachment purposes, although improper (*see People v Jackson*, 101 AD2d 955, 956 [1984]), was harmless in light of the overwhelming evidence of his guilt (*see People v Saez*, 69 NY2d 802, 804 [1987]; *People v Andujar*, 290 AD2d at 656-657; *see generally People v Crimmins*, 36 NY2d 230, 242 [1975]).

Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.