■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWNDELL JOHNSON, Appellant. [936 NYS2d 748]—

Garry, J.

---

Defendant contends that Supreme Court erred in failing to instruct the jury on the defense of justification as to the assault charge pertaining to the victim (*see* Penal Law § 120.05 [3]).[1] Generally, "a justification charge is proper when, viewing the evidence in the light most favorable to the defendant, the jury, based upon a reasonable view of the evidence, could find that the defendant's acts were justified" (*People v Mothon*, 284 AD2d 568, 569 [2001], *lv denied* 96 NY2d 865 [2001]; *see People v Curry*, 85 AD3d 1209, 1211-1212 [2011], *lv denied* 17 NY3d 815 [2011]). In making this determination, the jury would be required to consider whether defendant reasonably believed that physical force was necessary to defend himself against another person's use or imminent use of physical force, and whether a reasonable person would have held this belief in the same circumstances (*see* Penal Law § 35.15 [1]; *People v Young*, 33 AD3d 1120, 1122-1123 [2006], *lv denied* 8 NY3d 929 [2007]). The testimony of the victim and other witnesses to the altercation fully established that the other inmate had already been subdued and was cooperating with other officers by the time the victim intervened, and that defendant continued to struggle with the victim even after the other inmate had been handcuffed. Viewed in the light most favorable to defendant, there was no evidence supporting a reasonable belief that, after the victim intervened, physical force was necessary to avert any threat posed by the other inmate to defendant. Accordingly, defendant was not entitled to a justification instruction on the charge pertaining to the victim (*see People v Pine*, 82 AD3d 1498, 1500-1501 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Grady*, 40 AD3d 1368, 1371 [2007], *lv denied* 9 NY3d 923 [2007]).

---

1. This issue was preserved for review by Supreme Court's ruling on defense counsel's request for a justification instruction, which expressly denied the request as to the charge pertaining to the victim, while granting it as to the charge pertaining to the inmate (*see* CPL 470.05 [2]; *People v Edwards*, 95 NY2d 486, 491 n 2 [2000]).

We further reject defendant's contention that the People improperly impeached their own witness by calling an inmate to testify about his observations of the altercation and then inquiring into his criminal history. Although it is well established that a party may not impeach its own witness unless "that witness gives testimony upon a material issue or fact which 'tends to *disprove* the party's position or *affirmatively damages* the party's case' " (*People v Andujar*, 290 AD2d 654, 656 [2002], *lv denied* 98 NY2d 648 [2002], quoting *People v Saez*, 69 NY2d 802, 804 [1987]), nothing in the testimony here indicates that the People made the inquiry to discredit the witness—whose testimony was consistent with that of the victim and other witnesses who testified for the People. Instead, the purpose of the questions pertaining to the inmate's criminal history was to mitigate the damaging effect this information would have had if elicited on cross-examination (*see People v Alcantara*, 78 AD3d 721, 722 [2010], *lv denied* 16 NY3d 827 [2011]; *People v Guy*, 223 AD2d 723, 724 [1996]).[2] In any event, even if the testimony constituted improper impeachment, any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Saez*, 69 NY2d at 804; *People v West*, 85 AD3d 1393, 1394 [2011], *lv denied* 17 NY3d 905 [2011]).

Finally, defendant challenges Supreme Court's restitution award. In seeking restitution, the People bore the burden of demonstrating the amount of the victim's out-of-pocket losses by a preponderance of the evidence (*see* Penal Law § 60.27 [2]; *People v Stevens*, 84 AD3d 1424, 1427 [2011], *lv denied* 17 NY3d 822 [2011]). The amount gained by defendant or taken from the victim must be offset against the value of any benefit that may have been conferred upon the victim, and "the People must show both components of the restitution equation, the amount taken minus the benefit conferred" (*People v Tzitzikalakis*, 8 NY3d 217, 221-222 [2007]; *accord People v Russo*, 68 AD3d 1437, 1438 [2009]). Here, the restitution award represents deductions taken from the victim's pay during a disability leave following his injury, for meal and uniform allowances in the amount of $549.99 and for holiday pay in the amount of $594.87. An employee of the Schenectady County Auditor's office testified that correction officers are paid an annual meal allowance to compensate them for regular meal breaks that they are unable to take during working hours because they are in continuous service, as well as a uniform allowance reimbursing them for

_____

**2.** We note that the fact that the witness had a criminal history was self-evident from his testimony that he witnessed the incident while incarcerated at the prison where it occurred.

the purchase and upkeep of their uniforms. The employee further testified that these payments are deducted on a prorated basis from the pay of officers who are on leave, on vacation, or otherwise not physically present at work, as they are not then necessary. These allowances are reimbursements for expenses and losses actually incurred by working officers, and thus were not properly awarded to the victim. He was not required to forgo meal breaks nor wear his uniform during his disability leave and, thus, he did not incur these losses (*see People v Tzitzikalakis*, 8 NY3d at 221-222). The employee further testified that correction officers do not receive time off for holidays, and therefore receive holiday pay for 13 scheduled work days each year. However, these payments are not made under certain circumstances, including disability leaves. Accordingly, during the victim's leave, an amount was deducted from his pay for three days on which he would have received holiday pay if he had been working. This amount thus represents an out-of-pocket loss incurred by the victim as a direct result of defendant's actions and was properly ordered as restitution (*see id.*; *People v Stevens*, 84 AD3d at 1427; *People v Ford*, 77 AD3d 1176, 1176-1177 [2010], *lv denied* 17 NY3d 816 [2011]).

Mercure, A.P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered the payment of $549.99 in restitution for meal and uniform allowances, and, as so modified, affirmed.

