■ The People of the State of New York, Respondent, v Patrick Souffrant, Appellant. [939 NYS2d 190]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 19, 2010, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree and criminally using drug paraphernalia in the second degree, and of the violation of unlawful possession of marihuana.

In September 2009, defendant was charged by indictment with criminal possession of a controlled substance in the second and third degrees, criminal possession of marihuana in the second degree, resisting arrest, criminally using drug paraphernalia in the second degree and two counts of unlawful possession of marihuana. After County Court denied defendant's motion to suppress certain evidence, a jury trial was conducted and defendant was convicted of all counts contained in the indictment, except for resisting arrest and one count of unlawful pos-

session of marihuana. Defendant unsuccessfully moved to set aside the verdict and thereafter he was sentenced to an aggregate prison term of nine years, plus five years of postrelease supervision. Defendant now appeals.

Defendant initially claims that with respect to the conviction of criminal possession of a controlled substance in the third degree, the record does not contain legally sufficient evidence that he possessed cocaine with the intent to sell it (*see* Penal Law § 220.16 [1]; *People v McCoy*, 59 AD3d 856, 857 [2009]). Defendant specifically argues that the charge cannot be sustained without the testimony of Investigator Stephen Donovan of the Town of Colonie Police Department, and a proper foundation was not laid for Donovan to give an opinion that defendant, based on the circumstances presented, possessed cocaine with intent to sell.

In evaluating a claim of legal insufficiency of the evidence at trial, we must view the evidence in a light most favorable to the People to determine whether a valid line of reasoning exists that supports the essential elements of the crime for which defendant stands convicted (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Smith*, 89 AD3d 1126, 1129-1130 [2011]; *People v Mateo*, 13 AD3d 987, 987-988 [2004], *lv denied* 5 NY3d 883 [2005]). At trial, evidence was presented that on June 20, 2009 at approximately 10:00 P.M., Officer Daniel Belles of the Town of Colonie Police Department stopped a minivan taxicab operated by Mohammed Butt because the vehicle's high beams were improperly illuminated (*see* Vehicle and Traffic Law § 375 [2]). As Belles approached the vehicle, he noted that defendant was seated in the passenger area of the cab and that a "strong odor" of marihuana and smoke was emanating from that area of the vehicle. After Butt was directed to get out of the vehicle, he told police that he had picked defendant up at the bus station in the City of Albany, and that both men were smoking marihuana in the vehicle immediately prior to being stopped. Belles then questioned defendant while he was still in the vehicle, and defendant admitted smoking marihuana and discarding a marihuana bud from the vehicle just prior to it being stopped. Belles directed defendant to exit the vehicle and, at that time, noticed trace amounts of marihuana on his lap and on the passenger seat, as well as small bags containing marihuana on the floor of the vehicle behind the driver's seat. Belles then conducted a cursory search of defendant's person and, in his pants pocket, found a marihuana bud.

After defendant was placed in a patrol car, Butt told police that the bags in the hatch area of the vehicle belonged to de-

fendant and consented to the vehicle being searched. In those bags, police found two pounds of marihuana and in excess of four ounces of crack cocaine. At the police station, a more thorough search of defendant was conducted and, at that time, a small digital scale fell from his pant leg. Police also recovered from his person $1,954, two cell phones, bus tickets in the name of "Patrick Taylor" and two plastic bags containing marihuana. Finally, Donovan testified to an extensive background in narcotics investigation and stated that, during his career, he had been involved in more than 200 drug-related arrests. He testified that given the amount of drugs recovered, the manner in which they were packaged, and defendant's possession of a digital scale as well as a large quantity of United States currency, it was his opinion that defendant possessed the cocaine with intent to sell it. This evidence constituted legally sufficient evidence supporting the jury's verdict convicting defendant of criminal possession of a controlled substance in the third degree (*see People v James*, 90 AD3d 1249, 1250 [2011]; *People v Davis*, 83 AD3d 1210, 1211 [2011], *lv denied* 17 NY3d 794 [2011]; *People v Hunter*, 73 AD3d 1279, 1281 [2010]).

Defendant also claims that his motion to suppress should have been granted because the search of the taxicab and his bags was conducted without his consent and probable cause did not exist for the police to search the vehicle after it had been stopped. We do not agree. Belles' observation of marihuana in the cabin area of the vehicle and his recovery of marihuana from defendant's person, coupled with defendant's admission that he had been smoking marihuana prior to the vehicle being stopped, provided probable cause for the police to search the vehicle and any bags found in it (*see People v Galak*, 81 NY2d 463, 468-469 [1993]; *People v Blasich*, 73 NY2d 673, 680-681 [1989]; *People v Horge*, 80 AD3d 1074, 1074-1075 [2011]; *People v Carter*, 60 AD3d 1103, 1105 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Quagliata*, 53 AD3d 670, 671-672 [2008], *lv denied* 11 NY3d 834 [2008]).

Defendant also argues that the sentence imposed was harsh and excessive and represented a decision by Supreme Court to punish him for exercising his right to a jury trial. However, simply because a more severe sentence was imposed than that which was offered defendant prior to trial does not mean that he was penalized for refusing to accept the plea bargain and exercising his constitutional right to trial (*see People v Danford*, 88 AD3d 1064, 1068-1069 [2011]). Moreover, when considering the amount of drugs recovered from defendant's possession, as well as his prior criminal record, the sentence was not harsh or

excessive, nor do we find any extraordinary circumstances or an abuse of discretion warranting a modification of the sentence in the interest of justice.

Defendant's additional arguments require minimal discussion. He claims that he was denied the right to testify before the grand jury, but he did not move to dismiss the indictment on that ground within the statutory time period (*see* CPL 190.50 [5] [c]). Also, while he claims that he was denied the effective assistance of counsel, the record as a whole demonstrates that counsel's performance throughout these proceedings served to provide defendant with meaningful representation (*see People v Gainer*, 73 AD3d 1385, 1386 [2010]). Finally, defendant's belated claim regarding County Court's instructions to the jury has not been preserved for appellate review (*see* CPL 470.05 [2]; *People v West*, 85 AD3d 1393, 1394 [2011], *lv denied* 17 NY3d 905 [2011]; *People v Wright*, 81 AD3d 1161, 1162 [2011], *lv denied* 17 NY3d 803 [2011]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.