Peters, P.J.
Defendant was indicted for assault in the second degree resulting from an incident during which he repeatedly punched a fellow inmate in the right eye while incarcerated at a correctional facility. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to six years in prison followed by 10 years of postrelease supervision. He appeals.
Defendant first claims that his conviction was based upon legally insufficient evidence and was against the weight of the evidence, specifically contesting whether the proof established that he caused the victim to suffer a physical injury. Viewing the evidence in the light most favorable to the People, we cannot agree that there exists no “valid line of reasoning and permissible inferences which could lead a rational person to . . . conclu[de]” (People v Bleakley, 69 NY2d 490, 495 [1987]) that the victim suffered an “impairment of [his] physical condition or substantial pain” (Penal Law § 10.00 [9]; see People v Dove, 86 AD3d 715, 716 [2011], lv denied 17 NY3d 903 [2011]). Photographs of the victim’s injury taken just hours after the incident show obvious redness and swelling to his right eye, which he testified became darker and more pronounced with time. The victim testified further that his eye remained tender for about a week and a half following the incident and that, *899 during that time, he suffered recurring headaches, some lasting for hours, and experienced “sharp pain” when he looked at light. Medical records from the correctional facility indicate that he also reported ringing in his right ear and was treated with an ice pack and pain medication. Despite the victim’s characterization of the resulting pain during the week following the incident as “mild,” it was within the province of the jury to conclude, based upon the victim’s other descriptions of his injury and the documentary evidence, that defendant’s blows brought more than “slight or trivial pain” (People v Chiddick, 8 NY3d 445, 447 [2007]; see People v Fisher, 89 AD3d 1135, 1136 [2011], lv denied 18 NY3d 883 [2012]; People v Bernier, 279 AD2d 701, 703 [2001], lv denied 96 NY2d 797 [2001]; People v Williams, 203 AD2d 608, 608 [1994], lv denied 83 NY2d 973 [1994]; People v Gray, 189 AD2d 922, 923 [1993], lv denied 81 NY2d 886 [1993]). Furthermore, upon considering this proof and the conflicting evidence provided by defendant, the jury’s finding that the victim suffered a physical injury is supported by the weight of the evidence (see People v Perser, 67 AD3d 1048, 1049 [2009], lv denied 13 NY3d 941 [2010]; People v Williamson, 21 AD3d 575, 575-576 [2005], lv denied 6 NY3d 761 [2005]).
Defendant next contends that County Court erred in admitting into evidence a copy of the correctional facility surveillance video depicting the incident. Again, we cannot agree. The decision to admit videotape evidence rests within the sound discretion of the trial court and will not be disturbed absent a lack of foundation for its introduction or a demonstrated abuse of the court’s discretion (see People v Patterson, 93 NY2d 80, 84 [1999]). Here, the recording was authenticated by two correction officers at the facility. The first, who oversees the facility’s security system, testified that he personally made an exact copy of the footage from the surveillance system onto the unaltered compact disc admitted at trial. The second, who witnessed the altercation firsthand, testified that the video recording was a fair and accurate depiction of the incident (see id.; People v Lee, 80 AD3d 1072, 1073-1074 [2011], lv denied 16 NY3d 832 [2011]; People v Fondal, 154 AD2d 476, 477 [1989], lv denied 75 NY2d 770 [1989]; compare People v Roberts, 66 AD3d 1135, 1136-1137 [2009]). Although defendant takes issue with the lapse between the video’s frames, upon our independent review of the recording we find that these minor breaks do not invite undue speculation of the events depicted so as to preclude its admission into evidence (see People v McGee, 49 NY2d 48, 60 [1979]; People v Orlando, 61 AD3d 1001, 1002 [2009], lv denied 13 NY3d 837 [2009]; People v Raco, 168 AD2d 806, 807 [1990], lv denied 77 NY2d 910 [1991]).
*900 Nor did County Court err when it denied defendant’s motion to suppress a statement that he made to a correction officer shortly after the incident. Assuming, without deciding, that defendant was in custody when, in response to an inquiry by an officer, he stated that he punched the victim “because he wrote statements on me,”* we find any error in the admission of the statement to be harmless inasmuch as there is no reasonable possibility that it might have contributed to the conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v O’Connor, 6 AD3d 738, 740 [2004], lv denied 3 NY3d 645 [2004]; People v Bastian, 294 AD2d 882, 884 [2002], lv denied 98 NY2d 694 [2002]).
Defendant was not deprived of a fair trial by County Court’s denial of his request for a justification charge. Such a charge need only be given where, viewing the evidence in the light most favorable to the defendant, “any reasonable view of the evidence might lead the jury to decide that the defendant’s actions were justified” (People v Curry, 85 AD3d 1209, 1211 [2011], lv denied 17 NY3d 815 [2011]; see People v Johnson, 91 AD3d 1121, 1122 [2012], lv denied 18 NY3d 959 [2012]). As there is no proof that the victim was the initial aggressor or threatened an injury to defendant that was “actual and at hand” (People v Kravitz, 75 AD3d 915, 916 [2010], lv denied 15 NY3d 894 [2010] [internal quotation marks and citation omitted]), we find no reasonable view of the evidence to support the charge (see People v Johnson, 91 AD3d at 1122; People v Pine, 82 AD3d 1498, 1500 [2011], lv denied 17 NY3d 820 [2011]).
We do, however, agree with defendant that the 10-year period of postrelease supervision imposed by County Court was illegal. Defendant was found guilty of assault in the second degree (see Penal Law § 120.05 [7]) and sentenced, as a second felony offender, to a determinate term of six years in prison (see Penal Law § 70.06 [6] [c]). Thus, and as the People concede, the only permissible term of postrelease supervision was five years (see Penal Law § 70.45 [2]).
Lahtinen, Spain, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the period of postrelease supervision to five years, and, as so modified, affirmed.

 The victim had previously provided law enforcement with a statement implicating defendant in a crime in exchange for a plea agreement that the victim received in March 2008.