People v Mousaw (2024 NY Slip Op 06630)

People v Mousaw

2024 NY Slip Op 06630

Decided on December 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 26, 2024

CR-23-0095
[*1]The People of the State of New York, Respondent,
v
Christopher Mousaw, Appellant.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of St. Lawrence County (Derek P. Champagne, J.), rendered December 14, 2021, upon a verdict convicting defendant of the crime of assault in the first degree.
Defendant was charged by way of indictment with one count of assault in the first degree after an incident in which he was alleged to have run the victim over with his vehicle. At the conclusion of a jury trial, defendant was found guilty, and County Court thereafter sentenced him to a prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant contends that the trial evidence is legally insufficient to establish his intent to cause serious physical injury, a necessary element of the charged crime (see Penal Law § 120.10 [1]). We are unpersuaded. The requisite intent was readily inferable from the victim's uncontradicted testimony that, following an argument, defendant told the victim that he was going to run him over, revved his vehicle's engine and proceeded to drive over the victim, even as the victim initially grasped onto the hood and yelled at defendant to stop before ultimately being pulled under the vehicle (see People v McKinney, 170 AD3d 1507, 1508 [4th Dept 2019], lv denied 33 NY3d 1033 [2019]; People v Stewart, 68 AD3d 1438, 1439 [3d Dept 2009], lv denied 14 NY3d 773 [2010]; People v Haynes, 39 AD3d 562, 563 [2d Dept 2007], lv denied 9 NY3d 845 [2007]). Moreover, the victim's testimony that he sustained numerous broken bones, spent weeks in the hospital, underwent 11 operations and was left unable to walk without assistance served to further support the element of intent (see People v Tenace, 229 AD3d 908, 911 [3d Dept 2024]).
As for defendant's weight of the evidence claim, even assuming for the sake of argument that the jury could have reasonably reached a different verdict, we find that, when weighing the probative force of the testimony and taking into account the strength of any conflicting inferences to be drawn therefrom, the conviction is amply supported by the evidence (see People v Williams, 182 AD3d 776, 778 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]; People v Cruz, 152 AD3d 822, 823 [3d Dept 2017], lv denied 30 NY3d 1018 [2017]). While defendant asserts that the testimony of the victim should be rejected due to certain inconsistencies, these were relatively minor in nature and did not rise to the level of rendering the victim's testimony incredible as a matter of law (see People v Wilder, 200 AD3d 1303, 1305 [3d Dept 2021]; People v Delbrey, 179 AD3d 1292, 1294 [3d Dept 2020], lv denied 35 NY3d 969 [2020]).
Defendant next argues that County Court erred in refusing to charge the jury on the defense of justification. "Although the record must be considered in the light most favorable to the accused, a court need not charge justification if no reasonable view of the evidence establishes the elements of the defense" (People v Ham, 67 AD3d 1038, 1039 [3d Dept 2009[*2]] [internal quotation marks and citations omitted]; see People v Kerley, 154 AD3d 1074, 1075 [3d Dept 2017], lv denied 30 NY3d 1106 [2018]). It is defendant's position that the instruction was necessary because the victim acted as the initial aggressor by following defendant for several miles before the two pulled their vehicles off the road and confronted one another. However, there was no reasonable view of the evidence that defendant's actions in thereafter striking the victim with his car were a response to " 'an impending harm which constitutes a present, immediate threat — i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote' " (People v Kravitz, 75 AD3d 915, 916 [3d Dept 2010], lv denied 15 NY3d 894 [2010], quoting People v Craig, 78 NY2d 616, 624 [1991]). Rather, the undisputed proof showed that the argument between defendant and the victim had concluded, and the victim was walking away toward his own vehicle with his back to defendant, when defendant, who had safely gotten into his car, proceeded to drive over the victim. Accordingly, the justification charge was not warranted (see People v Johnson, 91 AD3d 1121, 1122 [3d Dept 2012], lv denied 18 NY3d 959 [2012]; People v Kravitz, 75 AD3d at 916).
Defendant also claims that County Court should have submitted to the jury the lesser included offense of assault in the second degree. Inasmuch as defendant did not request this charge or object to the jury instructions as given, this issue is not preserved for appellate review (see People v Dorsey, 151 AD3d 1391, 1395 [3d Dept 2017], lv denied 30 NY3d 949 [2017]; People v Carralero, 9 AD3d 790, 791 [3d Dept 2004], lv denied 4 NY3d 742 [2004]). We decline defendant's request to entertain this issue in the interest of justice, particularly given "that the decision to request or consent to the submission of a lesser included offense is often based on strategic considerations, taking into account a myriad of factors, including the strength of the People's case" (People v McGee, 20 NY3d 513, 519 [2013]).
Finally, we reject defendant's contention that his sentence was unduly harsh and excessive. Recognizing that the victim suffered severe, life-altering injuries, for which defendant failed to accept responsibility or express any remorse, and noting that the prison sentence imposed was less than half of the maximum permissible by statute (see Penal Law § 70.02 [1] [a]; [3] [a]), we perceive no basis to disturb the sentence (see People v Jenkins, 215 AD3d 1118, 1123 [3d Dept 2023], lv denied 40 NY3d 997 [2023]; People v Decamp, 211 AD3d 1121, 1124 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]).
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.